UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CAROL MARIE, *et al.*, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 3:16-CV-872 RLM-MGG |
| | ) |
| BIOMET, INC., *et al.*, | ) |
| | ) |
| Defendants | ) |

## OPINION and ORDER

Carol and Mary Marie filed suit in Louisiana state court against defendants Biomet Inc.; Biomet Orthopedics, LLC; Biomet U.S. Reconstruction, LLC; Biomet Manufacturing, LLC (collectively Biomet); Boneafied Orthopaedics, Inc. (formerly known as Vallette and Associates); and Steve Vallette, alleging negligence, misrepresentation, claims under the Louisiana Products Liability Act, violations of the Louisiana Unfair Trade Practice and Consumer Protection Act, and loss of consortium, all in relation to the alleged failure of Mr. Marie's Biomet M2a-Magnum hip implant. The defendants removed the case to the Eastern District of Louisiana based on diversity of citizenship, and the Judicial Panel on Multidistrict Litigation transferred the case into the Biomet multi-district litigation docket in this court.

This matter is before me on the Maries' motion to remand the case to the Civil District Court of Jefferson Parish, Louisiana, where the action originated. For diversity purposes, the Maries and defendants Boneafied and Mr. Vallette are citizens of Louisiana; the Biomet defendants are citizens of Indiana. The

defendants removed this case to federal court based on their claim that the Maries can't prevail on any of their claims against Boneafied and Mr. Vallette, meaning they were fraudulently joined solely to defeat diversity and their citizenship should be disregarded for diversity purposes. The Maries counter that Boneafied and Mr. Vallette are proper defendants, so complete diversity is lacking and remand is proper. The Maries also ask that they be awarded attorneys' fees for the costs they have incurred in opposing Biomet's removal of this case to federal court.

I. STANDARD OF REVIEW

For a federal court to have jurisdiction over a suit based on diversity, there must be complete diversity of citizenship; no defendant may share the citizenship of any plaintiff. 28 U.S.C. § 1332(a). A plaintiff can't fraudulently join a non-diverse defendant solely for the purpose of destroying diversity jurisdiction. Schur v. L.A. Weight Loss Ctrs., Inc., 577 F.3d 752, 763 (7th Cir. 2009). "Fraudulent" in this context doesn't mean bad faith on the plaintiff's part; it means that the claims against the non-diverse defendant have no chance of success. Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992).

"To establish fraudulent joinder, a removing defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." Morris v. Nuzzo, 718 F.3d 660, 666 (7th Cir. 2013) (internal quotation marks omitted). The party seeking removal – or, as here, resisting remand – bears the heavy

burden of showing that joinder was fraudulent. Schur v. L.A. Weight Loss Ctrs., 577 F.3d 752, 763 (7th Cir. 2009). If the removing defendant meets that heavy burden, the district court "may disregard the nondiverse defendant" for jurisdictional purposes, such that the fraudulent joinder doctrine acts as "an exception to the requirement of complete diversity." Morris v. Nuzzo, 718 F.3d 660, 666 (7th Cir. 2013) (internal quotation marks omitted).

A court deciding whether a defendant has been fraudulently joined isn't limited to the pleadings, but may also consider evidence of the sort seen in summary judgment motions, such as affidavits and deposition testimony. Millman v. Biomet Orthopedics, Inc., No. 3:13-CV-77, 2013 WL 6498394, at *2 (N.D. Ind. Dec. 10, 2013); Siegel v. H Group Holding, Inc., No. 07 C 6830, 2008 WL 4547334, at *3 (N.D. Ill. Apr. 9, 2008) ("[A] limited use of affidavits and other evidence is permissible so long as the evidence is not used to 'pre-try' the case."); see also Hack v. SAI Rockville L, LLC, No. WDQ-14-1985, 2015 WL 795853, at *4 (D.Md. Feb. 24, 2015) ("The Court may consider the entire record, not only the complaint, to determine the basis of joinder by any means available. But, it may not act as a factfinder or delve too far into the merits in deciding a jurisdictional question.") (internal quotations marks and citations omitted). The fraudulent joinder analysis requires a district court to apply state law to determine whether the plaintiff would have any reasonable possibility of success against the non-diverse defendant in state court. Schur v. L.A. Weight Loss Ctrs., 577 F.3d 752, 764 (7th Cir. 2009). The parties agree that Louisiana law governs this case.

II. DISCUSSION

Biomet maintains that joinder of Boneafied and Mr. Vallette was fraudulent. It contends that the Maries' complaint doesn't contain allegations sufficient to state a failure to warn claim, arguing that (1) Boneafied and Mr. Vallette had no knowledge that the Magnum device was defective, (2) Louisiana's learned intermediary doctrine shields them from a duty to warn, and (3) they couldn't alter or deviate from the FDA-approved labels and warnings supplied by Biomet.

*Actual or Constructive Knowledge of a Defect*

Under Louisiana law, "the seller of a defective product may be liable in tort if he knew or should have known that the product was defective, and he failed to declare it." Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1414 (5th Cir. 1993). Courts apply the same standard in cases involving a product's distributor. *See, e.g.,* Brown v. Johnson & Johnson, Inc., No. CIV.A. 15-2308, 2015 WL 6128706, at *2 (E.D. La. Oct. 16, 2015).

Biomet asserts that neither Mr. Vallette nor Boneafied had knowledge of any alleged risks associated with the Magnum device other than what was in the device's warnings and instructions, relying on the declarations of Mr. Vallette and Greg Baffes, sales representative of Boneafied [Doc. No. 34-2 at 4; Doc. No. 34-3 at 4]. The Maries allege in their complaint that Boneafied and Mr. Vallette knew or should have known that the Magnum device was not clinically safe [Doc.

4

No. 21 at 12, 19]. The Maries claim that the defendants received "a high number of reports and warnings from surgeons and others regarding failed Magnum components" and "were aware of defects and unreasonably high rates of problems with the Magnum, including . . . high levels of metal wear causing local and/or systematic damage in patients' bodies." Id. at ¶ 85, 91. Because I must resolve all issues of fact in favor of the plaintiff when considering Biomet's fraudulent joinder claim, I can't find that Boneafied and Mr. Vallette didn't know or shouldn't have known that the device was allegedly defective. *See* Morris v. Nuzzo, 718 F.3d 660, 666 (7th Cir. 2013) (requiring that a court resolve all issues of fact in favor of the plaintiff when considering whether a defendant was fraudulently joined).

*Louisiana's Learned Intermediary Doctrine*

Biomet next argues that Boneafied and Mr. Vallette didn't owe a duty to warn because, under the learned intermediary doctrine, a duty to warn the physician is owed by the manufacturer of the product, not the manufacturer's sales representative or distributor. Instructive to my determination of this question is Wells v. Medtronic, Inc., 171 F. Supp. 3d 493 (E.D. La. 2016), in which the court considered whether a third party sales representative for a medical device company was fraudulently joined. On a set of facts similar to those before me in this case, the *Wells* court concluded that, under Louisiana law, there was a possibility of recovery against a sales representative. Id. at 508–509.

In *Wells*, as here, the defendants argued that the plaintiffs couldn't state a claim against the sales representative because Louisiana's learned intermediary doctrine shields sales representatives from a duty to warn. Id. at 507. The court noted that "inquiries into similar situations by other courts have resulted in different conclusions," but the court's review of relevant law didn't allow the court "to make an *Erie* guess that Louisiana law precludes recovery against a sales representative, and as such, [d]efendants have not demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." Id.

Biomet argues that I shouldn't be persuaded by *Wells* because it runs contrary to prior cases from the Eastern District of Louisiana denying remand in similar circumstances. *See, e.g.,* Brown v. Johnson & Johnson, Inc., No. CIV.A. 15-2308, 2015 WL 6128706 (E.D. La. Oct. 16, 2015); Daniels v. Touro Infirmary, No. CIV.A. 11-1586, 2011 WL 6140869 (E.D. La. Dec. 9, 2011). When considering a motion to remand, I must resolve all ambiguities of law in favor of the Maries and the *Wells* decision at least suggests that Louisiana's learned intermediary doctrine might not be an obstacle to the Maries' claim against Boneafied and Mr. Vallette. *See* Morris v. Nuzzo, 718 F.3d 660, 666 (7th Cir. 2013).

*Constraints of FDA-Approved Labels and Warnings*

Biomet contends that the Maries' failure to warn claim against Boneafied and Mr. Vallette is groundless because distributors have no authority to, and are

prohibited from, altering or deviating from the FDA-approved labels and warnings provided for the device by the manufacturer. Biomet's argument relies on PLIVA, Inc. v. Mensing, 564 U.S. 604, 613 (2011), in which the Supreme Court held that federal law preempted state law failure to warn claims to the extent that they required generic drug manufacturers to unilaterally strengthen the warnings contained on an FDA-approved label.

At least some courts have declined to interpret *Mensing* as a bar to failure to warn claims against a distributor. *See, e.g.*, Brush v. Bayside Orthopaedics, Inc., No. 8:14-CV-2163-T-36EAJ, 2014 WL 5426643, at *4 (M.D. Fla. Oct. 22, 2014); Fronczak v. Depuy Orthopaedics, Inc., No. 8:14-CV-2162-T-30MAP, 2014 WL 5175857, at *3 (M.D. Fla. Oct. 14, 2014); J.F. ex rel. Moore v. McKesson Corp., No. 1:13-CV-01699-LJO, 2014 WL 202737, at *9 (E.D. Cal. Jan. 17, 2014); Smith v. Amylin Pharm., LLC, No. 13CV1236 AJB MDD, 2013 WL 3467442, at *4 (S.D. Cal. July 10, 2013). When considering a motion to remand in product liability case involving the distributor of a hip implant, the *Fronczak* court distinguished *Mensing*, noting that "[t]he question of a generic drug manufacturer's ability to simultaneously comply with both state law and specific federal regulations governing pharmaceuticals is not analogous to the question of a distributor of a brand name medical device's ability to comply with both [state] law and federal regulations governing medical devices." Fronczak v. Depuy Orthopaedics, Inc., No. 8:14-CV-2162-T-30MAP, 2014 WL 5175857, at *3 (M.D. Fla. Oct. 14, 2014). These cases suggest that "the question of *Mensing*['s] . . .

applicability to the instant case presents considerable doubts," and I must "resolve the uncertainty . . . in favor of [the p]laintiff." Id.

When I resolve all issues of fact and law in favor of the Maries, as I must on this motion to remand, I conclude that Biomet hasn't met its heavy burden of showing that there is no possibility that the Maries could succeed on their failure to warn claim against Boneafied and Mr. Vallette. If proven, the allegations in the Maries' complaint could show that Boneafied and Mr. Vallette knew or should have known that the Magnum device was defective and it isn't clear that Louisiana's learned intermediary doctrine or federal preemption render the Maries' claim groundless. Boneafied and Mr. Vallette weren't fraudulently joined, jurisdiction in this court isn't proper under 28 U.S.C. § 1332, and I must grant the Maries' motion for remand.[1]

*Request for Fees*

The Maries' motion also requests that they be awarded the fees they incurred in opposing Biomet's removal of this case to federal court pursuant to 28 U.S.C. § 1447(c). Plaintiffs are entitled to attorneys' fees in removal cases "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). A defendant will be found to lack an objectively reasonable basis for seeking

---

[1] Because the Maries state a failure to warn claim such that Louisiana law might impose liability on Boneafied and Mr. Vallette under the facts alleged, I needn't address whether Boneafied and Mr. Vallette could be held liable for misrepresentation, violations of the Louisiana Unfair Trade Practice and Consumer Protection Act, and loss of consortium.

8

removal if "clearly established law demonstrated that he had no basis for removal." Lott v. Pfizer, Inc., 492 F.3d 789, 793 (7th Cir. 2007).

Biomet didn't carry its burden of establishing that the Maries had no possibility of recovery against Boneafied or Mr. Vallette, but its bases for removal weren't objectively unreasonable. As the *Wells* court noted in a procedurally and factually similar case, "[t]here is no controlling authority on point" for the precise issue presented "and inquiries into similar situations by other courts have resulted in different conclusions." Wells v. Medtronic, Inc., 171 F. Supp. 3d 493, 508 (E.D. La. 2016). Therefore, I will deny the Maries' request for fees.

III. CONCLUSION

For the foregoing reasons, the court GRANTS the Maries' motion to remand [Doc. No. 31 and 32], DENIES their request for fees, and ORDERS this action REMANDED to the Civil District Court, Parish of Jefferson, Louisiana for further proceedings.

SO ORDERED.

ENTERED:   May 15, 2017

　　　　　　　　　　　　　　　　   /s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　Judge, United States District Court